IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

MARVIN SMITH,

     Plaintiff,                      No. CIV S-09-982 GEB EFB PS

     vs.

WACKENHUT CORPORATION,

                                         ORDER

     Defendant.

_____/

Plaintiff is proceeding *pro se* in this action, which was referred to the undersigned pursuant to Eastern District of California Local Rules ("Local Rule") 72-302(c)(21). *See* 28 U.S.C. § 636(b)(1). On September 30, 2009, the court heard defendant's motion to dismiss or transfer plaintiff's second amended complaint for improper venue; plaintiff's "motion to establish admissions of particular allegations in plaintiff's second amended complaint" and plaintiff's motion for leave to have electronic access. Dckt. Nos. 19, 23, 28. Plaintiff appeared *pro se* at the hearing; attorney Danielle Ochs-Tillotson appeared on behalf of defendant. For the reasons stated below, defendant's motion is granted, plaintiff's motions are denied, and this action is transferred to the Middle District of Alabama.

Plaintiff's amended complaint, filed April 17, 2009, alleges that he was discriminated and retaliated against by defendant, his former employer, in violation of Title VII, 42 U.S.C.

1

§§ 2000e *et seq*. and 42 U.S.C. § 1981. Dckt. no. 8. Specifically, plaintiff alleges that he was a guard officer for defendant at Rheem Manufacturing Company in Montgomery, Alabama, but was suspended and terminated because of his race and because he "opposed and complained to supervisors and management about racial harassment and about being denied the same privileges afforded to white males . . . ." *Id.*

I.      Defendant's Motion to Dismiss or Transfer

Defendant moves to dismiss plaintiff's second amended complaint pursuant to Federal Rule of Civil Procedures 12(b)(3) on the ground that venue is improper; or, in the alternative, to transfer this action to the United States District Court for the Middle District of Alabama, pursuant to 28 U.S.C. § 1406(a); or in the alternative, to transfer to the Middle District of Alabama for the convenience of the parties and witnesses and in the interests of justice under 28 U.S.C. § 1406(a). Dckt. No. 19.

Defendant argues that this action should be dismissed or transferred because plaintiff's Title VII claims do not comply with the special venue requirements articulated by Title VII's special venue statute, which requires plaintiffs to file their Title VII claims (1) in any judicial district in the State in which the unlawful employment practice is alleged to have been committed, (2) in the judicial district in which the employment records relevant to such practice are maintained or administered, or (3) in the judicial district in which the aggrieved person would have worked but for the alleged unlawful employment practice. 42 U.S.C. § 2000e-5(f)(3). Defendant contends that venue in the Eastern District of California is improper since (1) each of the alleged unlawful employment practices complained of occurred in Montgomery, Alabama at the location where plaintiff worked, and none of the allegations set forth in the complaint were allegedly committed elsewhere, (2) any documents that are potentially germane to plaintiff's allegations are located in Alabama, and (3) throughout plaintiff's entire period of employment, he was assigned to work in Montgomery, Alabama, and there is nothing to suggest that had plaintiff remained employed by defendant, he would have ever worked outside the state

2

of Alabama. Dckt. No. 20. Therefore, defendant moves to dismiss the action pursuant to Federal Rules of Civil Procedure 12(b)(3) and 28 U.S.C. § 1406(a), or to transfer it to the Middle District of Alabama pursuant to 28 U.S.C. § 1406(a).

Defendant also argues, in the alternative, that even if the court determines that venue in this district is proper, the action should still be transferred pursuant to 28 U.S.C. § 1404(a), for the convenience of the parties, convenience of the witnesses, and the interests of justice. According to defendant, although plaintiff currently resides in California, because defendant maintains its personnel and other records relevant to this case in Alabama and "every currently known witness needed to litigate this matter lives and works in Alabama, . . . the overwhelming expense and burden the alternative would place on non-parties and witnesses, far outweighs the convenience of Plaintiff's preferred forum." Dckt. No. 19 at 10-11.

Plaintiff does not dispute defendant's contentions that the alleged unlawful employment practice was not committed in California or that the employment records relevant to the unlawful employment practice are located in Alabama. Dckt. No. 26. Plaintiff also does not contend that he would have worked in the Eastern District of California but for the alleged unlawful employment practice that occurred in Alabama. *Id*. Instead, plaintiff argues, *inter alia*, that it would be prejudicial and burdensome for plaintiff to have to litigate this action in Alabama, and that transferring this case would waste time, energy, and money, would not protect plaintiff, and would inconvenience the public. *Id*. at 2.

Plaintiff's Title VII claims must satisfy the venue requirements set forth in 42 U.S.C. § 2000e-5(f)(3), the exclusive provision for Title VII actions. 42 U.S.C. § 2000e-5(f)(3); *Johnson v. Payless Drug Stores N.W., Inc.,* 950 F.2d 586, 587-88 (9th Cir. 1991) (finding that satisfaction of the 42 U.S.C. § 2000e-5(f)(3) venue provision is "mandatory" in Title VII actions); *Pinson v. Rumsfeld*, 192 Fed. Appx. 811, 817 (11th Cir. 2006) ("The venue provisions of § 2000e-5(f)(3) were intended to be the exclusive venue provisions for Title VII employment discrimination actions and that the more general provision of [28 U.S.C.] § 1391 are not

controlling in such cases."). Further, although plaintiff also asserts a claim under 42 U.S.C. § 1981, "[i]n employment discrimination cases, the Title VII venue provisions control rather than the general federal venue statute, even if a non-Title VII claim is included." *Mayberry v. Int'l Bus. Mach. Corp.*, 2009 WL 1814436, at *3 (N.D. Cal. June 25, 2009) (citing *Johnson*, 950 F.2d at 587-88); *see also Tipnis v. Emery Telephone*, 2007 WL 1306495, at *1 (D. Colo. May 3, 2007) ("[W]here a plaintiff brings a Title VII action under both 42 U.S.C. §§ 1981 and 2000e-5(f)(3) the latter venue provision controls."); *Hayes v. RCA Serv. Co.*, 546 F. Supp. 661, 664 (D.D.C. 1982) ("The allegations upon which the plaintiff is proceeding in this case involve employment discrimination. In this regard, a cause of action for employment discrimination may be made out under either Title VII or 42 U.S.C. § 1981. However, it is to be noted that Title VII is a statute which has been specifically fashioned by Congress to remedy employment discrimination, while 42 U.S.C. § 1981 is a broader, more general provision addressing contractual, property and other rights . . . . In view of this, it is reasonable to conclude that, in the employment discrimination context, Title VII should be considered a principal cause of action whenever it is joined with a cause of action under 42 U.S.C. § 1981 . . . . Therefore, the Title VII venue statute applies.").[1]

Pursuant to the Title VII venue provision, this action could have been brought (1) "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed," (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered," or (3) " in the judicial district in which the aggrieved

---

[1] Even if venue were proper in the Eastern District of California for plaintiff's claim under 42 U.S.C. § 1981, that claim would nonetheless be transferred to the Middle District of Alabama pursuant to 28 U.S.C. § 1404(a), since all of the potentially relevant witnesses (other than plaintiff) reside in that district; most, if not all, relevant documents are located in Alabama; and all of the conduct at issue in this action occurred in Alabama. *See* 28 U.S.C. § 1404(a) ("For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (identifying further factors to consider when determining whether to transfer an action pursuant to 28 U.S.C. § 1404(a)).

controlling in such cases."). Further, although plaintiff also asserts a claim under 42 U.S.C. § 1981, "[i]n employment discrimination cases, the Title VII venue provisions control rather than the general federal venue statute, even if a non-Title VII claim is included." *Mayberry v. Int'l Bus. Mach. Corp.*, 2009 WL 1814436, at *3 (N.D. Cal. June 25, 2009) (citing *Johnson*, 950 F.2d at 587-88); *see also Tipnis v. Emery Telephone*, 2007 WL 1306495, at *1 (D. Colo. May 3, 2007) ("[W]here a plaintiff brings a Title VII action under both 42 U.S.C. §§ 1981 and 2000e-5(f)(3) the latter venue provision controls."); *Hayes v. RCA Serv. Co.*, 546 F. Supp. 661, 664 (D.D.C. 1982) ("The allegations upon which the plaintiff is proceeding in this case involve employment discrimination. In this regard, a cause of action for employment discrimination may be made out under either Title VII or 42 U.S.C. § 1981. However, it is to be noted that Title VII is a statute which has been specifically fashioned by Congress to remedy employment discrimination, while 42 U.S.C. § 1981 is a broader, more general provision addressing contractual, property and other rights . . . . In view of this, it is reasonable to conclude that, in the employment discrimination context, Title VII should be considered a principal cause of action whenever it is joined with a cause of action under 42 U.S.C. § 1981 . . . . Therefore, the Title VII venue statute applies.").[1]

Pursuant to the Title VII venue provision, this action could have been brought (1) "in any judicial district in the State in which the unlawful employment practice is alleged to have been committed," (2) "in the judicial district in which the employment records relevant to such practice are maintained and administered," or (3) " in the judicial district in which the aggrieved

---

[1] Even if venue were proper in the Eastern District of California for plaintiff's claim under 42 U.S.C. § 1981, that claim would nonetheless be transferred to the Middle District of Alabama pursuant to 28 U.S.C. § 1404(a), since all of the potentially relevant witnesses (other than plaintiff) reside in that district; most, if not all, relevant documents are located in Alabama; and all of the conduct at issue in this action occurred in Alabama. *See* 28 U.S.C. § 1404(a) ("For the convenience of the parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."); *see also Jones v. GNC Franchising, Inc.*, 211 F.3d 495, 498-99 (9th Cir. 2000) (identifying further factors to consider when determining whether to transfer an action pursuant to 28 U.S.C. § 1404(a)).

person would have worked but for the alleged unlawful employment practice." 42 U.S.C. § 2000e-5(f)(3). However, defendant's alleged unlawful employment practice was not committed in California (plaintiff was hired and employed by defendant in Montgomery, Alabama, and all of the events and omissions which form the basis of plaintiff's claims took place in Alabama); the employment records relevant to the alleged unlawful employment practice are not maintained and administered in the Eastern District of California (the documents related to plaintiff's allegations and defendant's defense are located in Alabama); and plaintiff has not established (and cannot establish) that he would have worked in the Eastern District of California but for the alleged unlawful employment practice (since he was hired and employed by defendant in Montgomery, Alabama). Therefore, defendant's motion is granted because venue is improper in the Eastern District of California.

When venue is improper, a district court may dismiss the case or, if it is in the interest of justice, transfer the case to any other district in which it could have been brought. 28 U.S.C. § 1406(a). Here, although venue is improper in this district, the court finds that a transfer to the Middle District of Alabama, rather than dismissal, is in the interest of justice. *Id*. Therefore, the action will be transferred to that district.

II.     Plaintiff's Motion to Establish Admissions

Also pending before the court is plaintiff's "motion to establish admissions of particular allegations in plaintiff's second amended complaint," contending that the court should deem his allegations admitted since defendant's "answer" did not admit or deny the allegations. Dckt. No. 23. Defendant opposes the motion, contending that the motion is premature and improper since defendant has not answered the complaint and is not required to answer the complaint until the court rules on its Rule 12(b)(3) motion. Dckt. No. 19 at 2-3.

Because defendant's motion to dismiss did not constitute an answer and defendant is not yet required to file an answer to plaintiff's complaint because of the pending motion to dismiss,

////

5

plaintiff's motion is denied.[2] *See* Fed. R. Civ. P. 12(a)(4).

III.   Plaintiff's Motion for Leave to Have Electronic Access

Finally, plaintiff has also requested electronic access to the courts through the Eastern District of California's case management/electronic case filing ("CM/ECF") system. Dckt. No. 28. Although the Local Rules provide that a person appearing pro se may utilize electronic filing with the permission of the assigned Judge or Magistrate Judge, Local Rule 5-133(b)(2), in light of the impending transfer, this request is denied as moot.

Accordingly, it is hereby ORDERED that:

1. Defendant's motion to dismiss or transfer, Dckt. No. 19, is granted;

2. Plaintiff's motion to establish admissions, Dckt. No. 23, is denied;

3. Plaintiff's motion for leave to have electronic access, Dckt. No. 28, is denied;

4. The Clerk is directed to transfer this case to the United States District Court for the Middle District of Alabama; and,

5. Defendant shall file an answer to plaintiff's complaint on or before October 12, 2009.

So Ordered.

Dated:  October 9, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[2] Additionally, at the hearing, plaintiff argued that defendant should be sanctioned for failing to respond to plaintiff's motion within the time prescribed by this court's September 4, 2009 order. However, defendant responded to plaintiff's motion on September 16, 2009, in compliance with the September 4, 2009 order. Therefore, plaintiff's request for sanctions is denied.